UNITED STATES DISTRICT COURT       JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-409-DMG (MRWx)** | Date | February 4, 2022 |
|---|---|---|---|

| Title | ***Museum Center, LLC v. Eric Mankin, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT**

On January 20, 2022, *pro se* Defendant Eric Mankin removed this action from the Los Angeles County Superior Court to federal court. [Doc. # 1.] Defendant asserts federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal ("NOR") [Doc. # 1].

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

Defendant asserts federal question jurisdiction with the following statement: "Plaintiff has asserted claims arising out of a residential lease agreement, which said lease agreement was investigated and determined to not be authentic, which gives claims to fraud and a violation of the federal statute of frauds, and a potential violation of 18 USC section 1001." Section 1001 is a criminal statute that does not create a civil cause of action, and Defendant appears to assert it as a defense, not as the basis for Plaintiff's Complaint. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272 (2009).

Moreover, though Defendant attaches only the cover page of Plaintiff's Complaint, it is evident that subject matter jurisdiction does not exist. *See* NOR, Ex. 1. The Complaint is for unlawful detainer, which arises entirely under state law.

Furthermore, the case does not give rise to diversity jurisdiction under 28 U.S.C. § 1332, because the parties are not citizens of different states. In addition, the caption indicates that

|  | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |
|---|---|---|

| Case No. | CV 22-409-DMG (MRWx) | Date | February 4, 2022 |
|---|---|---|---|

| Title | *Museum Center, LLC v. Eric Mankin, et al.* | Page | 2 of 2 |
|---|---|---|---|

Plaintiff seeks less than $10,000, which is less than the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Accordingly, the Court **REMANDS** this action to the Los Angeles County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.